# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LAMARVIN DARDEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:14CV00995 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Movant Lamarvin T. Darden's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 by a person in Federal Custody. [ECF No. 1].

## I. BACKGROUND

On August 10, 2010, an officer with the St. Louis County Police Department observed an individual, later identified as Lamarvin T. Darden ("Darden"), approach a vehicle near a local apartment complex. Criminal Docket (CD)[1] ECF No. 162 at 4. As the officer approached the vehicle, Darden began walking away and the vehicle drove away. Contact was made with Darden who stated he was looking for a ride home. A consent search was conducted of Darden's person, and officers detected a golf-ball sized bulge in the groin area of the Darden's pants. Believing the substance may be narcotics, the officers asked Darden what the object was, at which time Darden appeared to be very nervous and attempted to pull away from the officers. A plastic bag then fell from Darden's shorts onto the ground. Officers seized the bag, which contained twenty-five white pills of an off-white rock like substance (later identified as 1.03

---

[1] The underlying criminal case has an ECF number of 4:10CR00538 ERW.

grams of cocaine base). Darden was arrested and later released pending the application of a warrant. CD ECF No. 162 at 4.

On October 14, 2010, officers established surveillance at Darden's residence prior to the execution of a search warrant. As officers observed Darden and another individual exit the residence and prepare to enter his vehicle, officers detained both individuals. Darden was observed throwing a half-full bottle of cough syrup through the open front driver's window of his vehicle. Analysis of the contents of the bottle indicated Hydrocodone had been mixed with other active ingredients of the cold medicine. CD ECF No. 162 at 4.

A search of the residence was conducted and a ballistic vest, along with a nine millimeter semi-automatic firearm loaded with one round in the chamber and five rounds of ammunition in the magazine, was seized from an upstairs bedroom. CD ECF No. 162 at 4.

On May 26, 2011, a jury found Darden guilty of Count I, possession of cocaine base with the intent to distribute under 21 U.S.C. § 841(a)(1) and 851(a); Count III, possession of a firearm by a felon under 18 U.S.C. § 922(g)(1); and Count IV, possession of a firearm by an unlawful user of a controlled substance 18 U.S.C. § 922(g)(3). Darden was acquitted on Count II, possession with intent to distribute hydrocodone, and Count V, possession of body armor by a violent felon. CD ECF No. 136. Darden was sentenced to a total term of 200 months. This term consisted of 200 months on counts one and three, and 120 months on count four to be served concurrently. Darden was also sentenced to six years of supervised release and a $300.00 special assessment was imposed. CD ECF No. 167.

Darden filed a direct appeal with the Eighth Circuit arguing "his conviction should be reversed because the Government committed misconduct during grand jury proceedings, the District Court erred by admitting testimony regarding an xbox video game console and a .45

caliber pistol because it was not relevant and unfairly prejudicial, and the Government's closing argument contained improper remarks that substantially prejudiced his right to a fair trial." *U.S. v. Darden*, 688 F.3d 382, 386 (8th Cir. 2012). The Eighth Circuit affirmed the judgment of the District Court. *Id*. at 391.

## II. LEGAL STANDARD

A federal prisoner who seeks relief from a sentence on grounds "that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in the miscarriage of justice." *U.S. v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *U.S. v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)). "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on [§ 2255]," and the Eighth Circuit has only deviated from that general rule in cases involving convincing new evidence of actual innocence or similarly extraordinary circumstances. *See U.S. v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. U.S.*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Bedford v. U.S.*, 975 F.2d 301, 313 (7th Cir. 1992)). Claims, including those concerning constitutional or jurisdictional issues, unraised on direct appeal cannot be subsequently raised in a § 2255 motion unless the movant can establish "(1) cause for the default

and actual prejudice or (2) actual innocence." *U.S. v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. U.S.*, 523 U.S. 614, 621 (1998)).

If a movant is not procedurally barred from bringing a § 2255 motion, the Court must hold an evidentiary hearing to consider claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. U.S.,* 24 F.3d 1040, 1043 (8th Cir. 1994). Thus, a movant is entitled to an evidentiary hearing as long as "the facts alleged, if true, would entitle [the movant] to relief." *Payne v. U.S.,* 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). A court may dismiss a claim without an evidentiary hearing, in contrast, "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. U.S.*, 905 F.2d 218, 220–21 (8th Cir. 1990)).

## III. DISCUSSION

Darden asserts twelve grounds in his Motion. His first claim of ineffective assistance of counsel is his counsel's failure to object to the criminal information listing a maximum term of forty years when it should have stated thirty years as the maximum sentence [ECF No. 1]. Ground two is a claim of ineffective assistance of counsel for failing to conduct a reasonable pre-trial investigation of a jail phone conversation between Darden and another regarding the sale of an xbox. Ground three is a claim of ineffective assistance of counsel for failing to object at sentencing that Darden's convictions should have been merged into a single offense, so he should not have been assigned a $100 special assessment for each count. Ground four alleges prosecutorial misconduct and ineffective assistance of counsel. Darden claims the Government's closing argument resulted in prejudice, and counsel's failure to object violated his rights to a fair

trial. Ground five states counsel was ineffective for failing to object to sentencing enhancements at the time of trial and for not requesting the sentencing enhancements be included in the jury instructions as required by *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Darden's sixth ground is a claim for ineffective assistance of counsel for failure to object to evidence introduced pursuant to Federal Rule of Civil Procedure 404(b). The seventh ground alleges there was a constructive amendment of the indictment, because the Government introduced a .45 caliber firearm during trial and Darden was indicted for possessing a nine millimeter gun. Ground eight states counsel was ineffective because he did not object to the introduction of evidence regarding an xbox and did not introduce any evidence to support Darden's assertions regarding the xbox. Ground nine states counsel was ineffective for failing to investigate if Darden's prior conviction for burglary in Missouri was a qualifying prior conviction. Darden argues in ground ten he is not a career offender because all of his prior convictions occurred in the city or county on the same day. In ground eleven, Darden requests the holding in *Descamps v. United States*, 133 S.Ct. 2276 (2013), be applied to his prior convictions. Lastly, in ground twelve, Darden requests a copy of his sentencing transcript to properly attack his sentence [ECF No. 1]. The Court addresses each argument as follows.

   **1.  Ground One: Failure to Object to Criminal Information**

  Darden alleges his trial counsel was ineffective for failing to object to an error in the Criminal Information. Darden alleges the information listed the maximum sentence as forty years but under 21 U.S.C. § 841(b)(1)(c), the maximum penalty is thirty years. The Government agrees the Criminal Information included an incorrect maximum penalty [ECF No. 16]. However, the Government claims Darden is unable to establish this resulted in prejudice.

To establish a claim for ineffective assistance of counsel, a defendant must show the counsel's performance was deficient and counsel's deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice requires the defendant to show he was deprived of a fair trial because of the deficiency. *Id*. Under the first prong, the measure of an attorney's performance is "reasonableness under prevailing professional norms." *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. To establish the second prong of prejudice, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court need not address both prongs of the analysis if the defendant makes an insufficient showing on either prong. *Id.* at 697.

Even though the parties agree the Criminal Information included an incorrect maximum sentence, the Court does not need to decide if counsel's failure to object constitutes ineffective assistance of counsel because Darden is unable to establish the prejudice prong of *Strickland*. The presentencing report included the correct maximum sentencing of thirty years. CD ECF No. 146 at 1. Darden was sentenced to 200 months, well below the correct statutory maximum sentence. Correction of the Criminal Information upon an objection by Darden's attorney would not have reduced his sentence. *See King v. U.S.*, 545 F.3d 844, 852 (8th Cir. 2010). The sentencing error in the Criminal Information did not affect the sentence imposed by the District Court, thus, Darden is unable to establish he was prejudiced by any alleged ineffective assistance of counsel. The Court will deny Darden's first ground in his motion.

2. **Ground Two: Failure to Conduct Pre-Trial Investigation**

Darden's second argument concerns his attorney's failure to investigate. At trial, a detective of the St. Louis Metropolitan Police Department testified he had received information

from an informant Darden was in possession of firearms and distributing drugs from his residence. On cross-examination, defense counsel questioned the reliability of the informant's information because the informant had told officers Darden possessed both a .45 caliber firearm and a 9mm firearm, but only the 9mm was found by the officers. On redirect, the Government introduced a telephone conversation recorded in jail in which Darden tells an individual to hold onto an Xbox containing a "nickel" to explain the absence of the .45 caliber firearm. The detective testified a "nickel" is a nickname for a .45 caliber firearm. Darden now alleges he asked his counsel to question Alex Weston, the individual in the jail phone call, on the matter, but his counsel did not do so. Darden claims he was asking Mr. Weston to pawn the Xbox for a "nickel," meaning $50.00.

The Eighth Circuit has held reasonable performance of counsel includes "adequate investigation of facts, consideration of viable theories, and development of evidence to support those theories." *Cagle v. Norris*, 474 F.3d 1090, 1097 (8th Cir. 2007) (quoting *Lyons v. Luebbers*, 403 F.3d 585, 594 (8th Cir. 2005)). As noted, the Court's review of counsel's performance is "highly deferential." *Strickland*, 466 U.S. at 689. Darden has put forth no evidence, besides his own assertions post-trial, a "nickel" means $50.00 instead of a .45 caliber firearm as testified by a detective. Because Darden has not established his theory was viable, Darden fails to show his counsel was required to further investigate. Counsel is not ineffective for failing to investigate every fact or theory put forth by a defendant. The theory must be viable. Darden has the burden of establishing the basis for relief and he has failed to establish his theory of the evidence was viable. *Skinner v. U.S.*, 326 F.2d 594, 597 (8th Cir. 1964).

Darden also fails to establish prejudice. As the Eighth Circuit discussed in his direct appeal, this jail call is just one piece of evidence used to corroborate the confidential informant's

testimony. *U.S. v. Darden*, 688 F.3d at 390-91. Even if evidence had been introduced in support of Darden's theory of the jail call, there would have been no effect on the outcome because of the significant evidence in support of the conviction outlined by the Eighth Circuit in Darden's direct appeal. Darden's Motion fails on ground two.

    **3.**    **Ground Three: Merger of Convictions into a Single Offense at Sentencing**

In Darden's third ground, he asserts his counsel was ineffective because his convictions on counts three and four of the superseding indictment should have been merged at sentencing into a single offense. If the counts had been merged, he would have been assessed a total of $200.00. Darden also claims the merger would reduce his sentence. Darden alleges his counsel did not inform him of the possibility of merger. The Government agrees with Darden as to his claim for reducing the special assessment, but not with his claim to reduce his sentence.

As the Government correctly states, in *United States v. Richardson*, the Eighth Circuit overruled its prior precedent and found when a defendant has been convicted under multiple § 922(g) classifications, the convictions should be merged into one count for the purposes of sentencing. 439 F.3d 421, 422-23 (8th Cir. 2006). Darden's convictions for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and possessing a firearm while being an unlawful user of or addicted to a controlled substance under 18 U.S.C. § 922(g)(3) should have been merged into a single conviction at sentencing. Darden's counsel was ineffective for failing to raise this issue at Darden's sentencing.

It is clear from the record Darden was prejudiced in regards to imposition of the special assessment. Darden was convicted of three counts and he was assessed $100.00 for each count. However, counts three and four should have been merged into a single conviction and he should

have been assessed $100.00 for both. Darden's total assessment should have been $200.00 rather than $300.00. The Court finds Darden's assessment should be reduced to $200.00.

Darden's length of sentence was not prejudiced by the failure to merge the two convictions. Darden was sentenced to 200 months on counts one and three and 120 months on count four, to be served concurrently. Darden's sentencing guideline calculation was increased because of his career offender status triggered by the drug conviction in count one. Therefore, the convictions on counts three and four did not affect the calculation and a merger of the two would not have reduced his overall sentence. Six years of supervised release was also imposed on Darden for count one. The length of Darden's sentence is driven by his conviction on count one. Thus, Darden's length of sentence has not been prejudiced by the failure to merge counts three and four.

### 4. Ground Four: Failure to Object during Closing Arguments

Next, Darden alleges the Government's closing arguments resulted in prejudice and his counsel was ineffective for failing to object at the time of trial. The Government asserts his claim is procedurally barred and Darden cannot show prejudice.

Claims raised on direct appeal cannot be relitigated in a petitioner's 2255 motion. *Bear Stops v. U.S.*, 339 F.3d 777, 780 (8th Cir. 2003). Darden has restyled his claim as ineffective assistance of counsel rather than prosecutorial misconduct, but the issue is the exact same as what has already been decided by the Eighth Circuit in Darden's direct appeal. Darden argued his conviction should be reversed because the prosecutor made improper statements during closing arguments. *Darden*, 688 F.3d at 388. The Eighth Circuit held the prosecutor's comments were improper but Darden could not demonstrate the outcome would have been different absent the error because of his counsel's own remarks in closing and the significant

evidence supporting the convictions. *Id.* at 390. Therefore, Darden is unable to establish prejudice and the Court will not relitigate this issue.

## 5. Ground Five: Failure to Object to Enhancements at Trial

Darden alleges his counsel was ineffective for failing to object to his sentencing enhancements and for failing to request the enhancements be included in the jury instructions pursuant to the Supreme Court's holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The Government argues Darden's claim is foreclosed by Eighth Circuit law.

At the time of Darden's conviction and sentencing, *Alleyne* had not been decided by the Supreme Court. Thus, Darden's counsel could not have raised the argument at the time. Eighth Circuit law at the time would not have helped Darden's sentence. The Supreme Court's precedent, before *Alleyne*, held if a statute authorized an enhanced sentence due to an earlier conviction, it was not an element of the offense and did not need to be included in the indictment or presented to the jury. *Almendarez-Torres v. U.S.*, 523 U.S. 224, 226 (1998). The Eighth Circuit upheld this principle as controlling precedent in *United States v. Alvarez.* 320 F.3d 765, 767 (8th Cir. 2002). In *Alleyne*, the Supreme Court did not overturn its prior ruling in *Alemendarez-Torres*. 133 S.Ct. at 2160, n.1. Under current law, and under the law controlling at the time of Darden's conviction and sentence, enhancement of a sentence due to prior convictions need not be presented to a jury. *See also U.S. v. Abrahamson*, 731 F.3d 751 (8th Cir. 2013) (holding "*Alleyne* left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule."). Darden's counsel was not ineffective for failing to pursue a meritless claim. *Rodriguez v. U.S.*, 17 F.3d 225, 226 (8th Cir. 1994).

### 6. Ground Six: Failure to Object to Admission of 404(b) Material

Darden's sixth ground for his Motion is ineffective assistance of counsel for his counsel's failure to object to the admission of evidence under Rule 404(b). Darden's Motion and Memorandum in Support are unclear as to which evidence he is referencing. The Government assumes he is referring to evidence introduced regarding an incident on January 8, 2004, where Darden possessed a firearm he stored under his grandmother's mattress and was convicted of unlawful possession of a concealable firearm for the incident. The Government filed a Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) prior to Darden's trial. This evidence was introduced at trial through the testimony of a St. Louis County Police officer and certified documents showing Darden's conviction. Darden does not refute the Government's assumption in his traverse so the Court will assume this is the evidence Darden is referencing in his motion.

The Court agrees with the Government's conclusion Darden's claim fails because the evidence was properly admissible. Evidence is admissible under Federal Rule of Evidence 404(b) if it is relevant to a material issue, similar in kind and not overtly remote in time, supported by sufficient evidence, and the potential prejudice does not substantially outweigh the probative value. *U.S. v. Wilson*, 619 F.3d 787, 792 (8th Cir. 2010). The evidence of the prior incident was clearly relevant to the issue of Darden's unlawful possession of a firearm. "Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent." *U.S. v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006). The evidence was also similar in kind because a firearm was hidden underneath a mattress in both this incident and the prior incident. A conviction in 2004, is not too remote in time as to be inadmissible. *See Walker*, 470 F.3d at 1275 (stating the Eighth Circuit has been reluctant to admit evidence of prior

acts more than thirteen years before the charged offense, but has done so in certain circumstances). Further, the evidence was sufficiently supported through the testimony of a police officer and the certified copy of Darden's conviction.

The final factor is whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. A district court's decision the probative value outweighs any prejudice is given substantial deference. *Walker*, 470 F.3d at 1275. A limiting instruction diminishes unfair prejudice. *Id*. The following limiting instruction was given to the jury in Darden's trial:

> "You are about to hear evidence that the defendant possessed a firearm under similar circumstances on January 8, 2004. You may consider this evidence only if you unanimously find it is more likely true than not true. This is a lower standard than proof beyond a reasonable doubt. If you find that this evidence is more likely true than not true, then you may consider it to help you decide the defendant's motive, opportunity, intent, plan, or knowledge. You should give it the weight and value you believe it is entitled to receive. If you find that it is not more likely true than not true then you shall disregard it. Remember even if you find that the defendant may have committed a similar act in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. The defendant is on trial only for the crimes charged and you may consider the evidence of prior acts only on the issue of the defendant's motive, opportunity, intent, plan and knowledge."

CD ECF No. 151-1, 409:4-23. The instruction given to the jurors was clear as to the purpose of the evidence and lessens any unfair prejudice which may have resulted from the introduction of this evidence. Further, the Government did not place any emphasis on this evidence as it was not raised during closing arguments. Even if Darden's attorney had objected to the evidence, it would have been admissible. Therefore, Darden is unable to establish prejudice.

### 7. Ground Seven: Constructive Amendment of the Indictment

The seventh argument Darden raises is the Government constructively amended the indictment. According to Darden, the Government introduced a .45 caliber firearm at trial while the indictment refers to a 9 mm firearm which misled the jury. The Government argues Darden's claim must be dismissed because it is procedurally defaulted. Darden claims he did not raise this on direct appeal because his counsel was ineffective.

Constitutional issues may not be raised for the first time "without establishing both cause for the procedural default and actual prejudice resulting from the error." *U.S. v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Showing ineffective assistance of counsel satisfies both cause and prejudice. *Id*. Both Darden and the Government agree this issue was not raised in his direct appeal [ECF No. 6, pg. 6, 16, pg. 31]. Therefore, Darden must establish both cause and prejudice which he attempts to do through a showing of ineffective assistance of counsel. However, Darden's claim of ineffective assistance of counsel fails because the indictment was not constructively amended.

An indictment is constructively amended when "the essential elements of the offense as charged in the indictment are altered in such a manner . . . that the jury is allowed to convict the defendant of an offense different from or in addition to the offenses charged in the indictment." *U.S. v. Emily*, 747 F.3d 974, 982 (8th Cir. 2014) (quoting *U.S. v. Whirlwind Soldier*, 499 F.3d 862, 970 (8th Cir. 2007). The Court looks at the jury instructions as a whole to see if there is a substantial likelihood the defendant was convicted of an uncharged crime. *Id*.

The jury was instructed the crime being charged was for knowingly possessing a 9mm Maadi semi-automatic pistol. The only reference in the trial to a .45 caliber firearm was the explanation of the jail call discussed *supra*. A .45 caliber firearm was not introduced into

evidence. There is no reason to believe the jury convicted Darden of possessing a .45 caliber firearm rather than the 9mm firearm in the indictment and jury instructions. Darden's counsel was not ineffective for failing to object to a constructive amendment which did not occur.

### 8. Ground Eight: Failure to Object to Introduction of Xbox Evidence

Darden's argument in ground eight of his petition is similar to Ground Two. He alleges his counsel was ineffective for failing to object to the introduction of the jail phone call evidence regarding the Xbox and for failing to support Darden's version of events for what the language in the phone call meant.

As stated in the analysis of ground two, Darden has put forth no evidence, besides his own assertions post-trial, a "nickel" means $50.00 instead of a .45 caliber firearm as testified by a detective. His counsel was not ineffective for failing to introduce evidence supporting his version of events when he is unable to show his theory was viable.

Darden is unable to establish prejudice for either the failure to object or the failure to support Darden's version of events. As stated *supra*, this jail phone call was just one piece of corroborating evidence, and there was significant evidence supporting the conviction as outlined by the Eighth Circuit in Darden's direct appeal. The Court will deny Darden's motion on ground eight.

### 9. Ground Nine: Failure to Investigate if Burglary Conviction Qualifies and Ground Eleven: Application of *Descamps*

In ground nine, Darden claims his counsel was ineffective for failing to investigate if his burglary conviction under Missouri law qualifies as burglary for the purposes of the Armed Career Criminal Act ("ACCA") pursuant to the Supreme Court's ruling in *Descamps v. United States*, 133 S. Ct. 2276 (2013). Similarly in ground eleven, Darden requests the Court apply the *Descamps* decision to his prior burglary conviction. The Government argues the Eighth Circuit

has concluded Missouri's second degree burglary statute has the same elements as generic burglary and qualifies as a crime of conviction for the purposes of armed career criminal status. Therefore, according to the Government, Darden fails to establish ineffective assistance of counsel and *Descamps* is inapplicable to his sentence.

In *Descamps*, the Supreme Court held when a court is determining if a prior conviction qualifies as an ACCA predicate, the court may only look to see if the state's statute for the conviction corresponds to the generic offense. 133 S. Ct. at 2282. The Supreme Court held a court may not determine if the facts of the conviction fit the generic offense elements; the court may only look to the elements of the statute. *Id*. at 2286. In *United States v. Olsson*, the Eighth Circuit held "the basic elements of the Missouri second-degree burglary statute are the same as those of the generic burglary offense." 742 F.3d 855, 856 (8th Cir. 2014). Thus, a prior conviction of second-degree burglary in Missouri qualifies as a "crime of violence." *Id*.

Darden's prior conviction was for Burglary Second Degree, under Missouri Revised Statute 569.170. This was the same statute analyzed by the Eighth Circuit in *Olsson*. *Id*. Therefore, Darden's sentence enhancement as an Armed Career Criminal was correct. Even if Darden's counsel had objected to the sentence enhancement, it would not have affected the length of his sentence as he was appropriately determined to be an Armed Career Criminal. Darden's Motion on grounds nine and eleven will be denied.

    **10.**    **Ground Ten: Career Offender Status**

Darden claims in ground ten he is not a career offender because all of his prior conviction's occurred in the city or county on the same day. The Government asserts Darden's claim is procedurally defaulted because it was not raised on direct appeal. Further, the

Government contends his claim fails because the PSR properly concluded he was a career offender because an intervening arrest occurred between the convictions.

Darden was determined to be a career offender for his prior convictions of possession with intent to distribute a controlled substance[2] and assault on a law enforcement officer with a deadly weapon/dangerous instrument[3] [ECF No. 166, p. 5]. His conviction for possession with intent to distribute a controlled substance resulted from an incident on August 6, 2003. The second qualifying conviction for assault on a law enforcement officer with a deadly weapon/dangerous instrument resulted from an incident on February 25, 2004 [ECF No. 166, p. 12-13]. Darden was sentenced for convictions arising from both incidents at the same time on January 21, 2005.

Darden's argument was not raised on direct appeal. *See Darden*, 688 F.3d 382. A defendant who fails to raise a claim on direct appeal, may raise it in a § 2255 motion only if the defendant demonstrates cause for the default and prejudice or actual innocence. *McNeal v. U.S.*, 249 F.3d 747, 749 (8th Cir. 2001). Darden claims in his reply, the procedural default was the result of failure of counsel. Darden has not established prejudice from his counsel's failure to raise the issue on direct appeal, nor has he established actual innocence. Thus Darden's claim is procedurally defaulted.

Darden's claim also fails on the merits. Although Darden's convictions were grouped for sentencing, the sentences are not considered related for the purposes of career offender status

---

[2] This conviction is under Missouri Docket Number 2103CR-05575. Darden was also convicted of assault law enforcement officer second degree (felony), theft/stealing (misdemeanor), resisting/interfering with arrest, detention or stop (misdemeanor), and assault on law enforcement officer third degree (misdemeanor).

[3] This conviction is under Missouri Docket Number 2104CR-02313A-01. Darden was also convicted of attempted burglary second degree (felony), attempted burglary first degree (felony), resisting/interfering with arrest for a felony (felony), and assault on law enforcement officer (felony).

because they were separated by intervening arrests. *See U.S. v. Peltier*, 276 F.3d 1003, 1006-07 (8th Cir. 2002). One conviction from the August 6, 2003, incident and one conviction from the February 25, 2004, incident were used as predicate felony conviction offenses for the career offender enhancement. Darden's sentence was properly enhanced and his claim fails on the merits.

### 11. Ground Twelve: Sentencing Transcript Request

In his final ground, Darden requests a copy of his sentencing transcript to properly challenge his sentence. This is not a ground for relief cognizable in a § 2255 proceeding, as such it is denied.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims in Movant's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Lamarvin T. Darden's Motion under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

Dated this 10th Day of February, 2015.

*/s/ E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE